*108 The opinion of the Court was delivered by
Whitneh, J.
The argument in support of the present motion has taken a wide range, and involves an inquiry into the general doctrine of replevin. However imposing the array of authorities, they are not without conflict.
The order on circuit to quash this writ, was made on the assumption that replevin does not lie in this State, unless grounded on a wrongful distress, or founded on some express statute; the right to maintain this suit is rested on the common law, being an ordinary case of levy by a sheriff on certain goods alleged to be the property of the defendant in execution, and now claimed by this plaintiff.
The judicial annals of this State furnish no precedent of a successful prosecution of this action, except in contesting the validity of a distress. Every attempt otherwise to use this form of remedy, as far as known, has stranded at the threshold; the indisposition in our courts to sustain such actions is very manifest; the general objection now raised, has been heretofore raised as frequently as such cases have been presented, the point however, not yet having been distinctly ruled. No one can doubt that instances have often occurred in which such actions would have been brought, were it not for the general conviction that they could not be maintained; a vigilant bar, suggestive of expedients to meet the ever varying wants of society would otherwise long since have disinterred this alleged ancient remedy. But the books and records are searched in vain, and the oldest judges and lawyers are at fault for a single case on circuit, or in the Court of Appeals, and it may well be insisted that a negative usage beyond the memory of man, carries with it much force in the question now under consideration. If in fact such actions were ever in use after a disuse of nearly a century, certainly opposition to a revival would derive strength from a just apprehension that much confusion would inevitably ensue; other commensurate remedies, of common resort, favored and enlarged by legislation, and well defined *109 bj a long course of adjudication, exist in this State for the whole class of injuries for which this action is now claimed as an appropriate remedy; before the present motion can find favor, the right must be clear, and the necessity palpable.
The reported cases of Byrd vs. O'Hanlin, 1 Mill, 401; Grist v. Cole, 2 M‘C. 456; and Lynch vs. Coms. of Roads, Harp. 336, from thirty to thirty-five years ago¿ and followed as they were, not long after, with legislation in reference to the action of trover, and extension of the powers of commissioners and masters in equity, in granting injunctions, taken in connection with the relief afforded in chancery in the recovery of chattels in specie, are all significant of professional views on this subject. To my own mind, the Act of Assembly of 1808, would be a strange jargon, if such actions as the present were maintainable. In its different sections, the Act undertakes to provide for “ all cases of replevin ” as to the writ, declaration, and bond, and whilst this plaintiff has sought to conform, the condition of her bond to “ return the goods and chattels in case a return thereof shall be awarded, then this obligation to be null and void ” is widely different in its terms and guarantees from the bond required by the Act. It is no sufficient answer, that in the present case the bond cannot conform, for by fair implication this denotes that replevin is not allowable in other cases than those contemplated by this Act, being such only as arise out of proceedings for rent.
I think the case might well rest upon these views, but we are solemnly admonished that a denial of this form of proceeding for such injuries as the present, will in fact amount to a virtual repeal of the common law. Such an admonition perhaps would have been more startling a half century or more ago, for I confess that the maintainance of such suits would rather look like an innovation on long settled usages, to say nothing of judicial legislation, whereby an antiquated and doubtful form of proceeding would be introduced.
In this inquiry, we have been pointed to many of our sister *110 States where such forms exist, whilst in others they are not to be found. In fact, however, but little aid is derived from these sources. Legislative enactments have served to extend and perpetuate in some of them, and to restrain and extinguish in others, such proceedings as we have now under investigation. But in searching for views entertained on this subject years ago, I was particularly struck with the remark of the President of the Court in Pennsylvania, as far back as 1785, that “in England, most cases of replevin are founded on distress for rent; and that it was even said in some of the books, that it would lie in no other.” 1 Dal. 156.
Distress and replevin have stood in intimate connection from feudal times until this day. Distress, it is to be remembered, is itself not an action, but a remedy — summary in its nature, and extraordinary in its character — a process whereby a personal chattel is taken from the possession of one to secure satisfaction for a demand; formerly remaining in the hands of the distrainor as a pledge to compel performance; now from the first taking in the custody of the law. Hence the appropriateness of replevin, a summary proceeding in turn, whereby, upon proper security, the pledge is re-delivered, the question of right to be subsequently determined. Originally, doubtless, the one proceeding suggested the other; there is reason in regarding them inseparable.
Whatever may be the practice which has obtained in other States, especially wherein legislation has been had on the subject, still there is no difficulty in tracing the origin of a different practice here, which may well be regarded as having matured into a principle. The disuse or denial of this remedy, except as a consequence of proceeding in distress, is neither the result of accident nor of oversight, much less of ignorance of the common law.
Yery nearly a century since, the distinguished Vinerian Professor in the University of Oxford, whose able exposition of the law has certainly given him high rank among modern writers, *111 laid down the doctrine I am called to vindicate. Blaekstone’s Commentaries, certainly for more than fifty years in this State, has been a text-book for the student, and a safe guide for the jurist. Treating of injuries to personal property, and appropriate remedies, he enumerates replevin as an institution ascribed to G-lanvil, and says, “ it obtains only in one instance of unlawful taking, that of wrongful distress.” 3 Black. 146. This definition is condemned as being too narrow, and in a note to Wendell’s edition, the authorities will be found collected.
Chitty, in 1 Vol. Plead., though regarding the action as tl principally used in cases of distress,” adds “that it seems it may be brought in any case, where the owner has goods taken from him by another;” this in turn has been condemned as entirely too broad.
It would be endless to cite the different elementary writers, and their various definitions. The profession will find authority without stint in this book making age resting on adjudged cases of recent date, and variously growing out of legislative enactments, or particular usages said to have obtained in certain jurisdictions. But it is not easy to perceive authority for such discrepancies founded on old cases or writers. Gilbert’s Treati'se on Distress and Replevin, will be found very fully to indorse the doctrine for which I contend.
Sellon tells us that “ replevin is a remedy grounded upon a distress, for goods are only replevisable when they have been taken by way of distress.” 2 Sel. 158.
Replevin is a re-delivery to the owner, of his cattle or goods distrained upon any cause, upon surety, &c., 8 Bac. Abr. Rep. A. Co. Litt. 145, b. says, “ It is a re-deliverance of the goods or cattle distrained, to the first possessor.”
Such authorities well account for the usage which has obtained in this State in confining practically the writ in replevin to cases of wrongful distress, and though at this day it had been shown to have originated in a mistaken policy, or miscon *112 ception of tbe principles of tbe common law, bas become too inveterate and well settled to be now called in question.
Tbe motion to reverse tbe order made on circuit is dismissed.
O’Neall, Wardlaw, Glover and Muiíro, JJ., concurred.
Upon tbe motion against tbe sheriff for a rule to show cause, tbe opinion of tbe Court was also delivered by
WhitNER, J.
The order quashing tbe plaintiff’s writ of replevin, being sustained by tbe Court of Appeals, tbe plaintiff’s motion for an attachment against Sheriff Neuffer, for proceeding with certain executions in bis bands, notwithstanding an appeal by plaintiff, must fall with tbe writ.
Whatever may have been tbe peril incurred by the sheriff, if a different result bad been attained, or whether this proceeding, even in such event, would have been entertained, it is not now necessary to discuss.
Tbe motion for a rule to show cause, &c., is dismissed.
O’Nball, Wardlaw, Glover and Munro, JJ., concurred.

Motion dismissed.